Filed 8/25/22  P. v. Peters CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BYRON LEONARD PETERS,<br><br>        Defendant and Appellant. | A162597<br><br>(Mendocino County Super. Ct. Nos. SCUK-CRCR-19-31377 & SCUK-CRCR-20-35099) |

Defendant Byron Leonard Peters appeals after entering pleas of no contest to two felony counts of driving under the influence (DUI) with three or more prior DUI convictions within ten years (Veh. Code, §§ 23152, subd. (b) & 23550, subd. (a)) and admitting one prior "strike" conviction (Pen. Code, §§ 667, 1170.12).[1]  On appeal, he argues:  (1) the trial court abused its discretion in denying his motion to dismiss his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); (2) use of a prior juvenile adjudication as a strike violated his Sixth and Fourteenth Amendment rights; and (3) changes in the law support the striking of the fees imposed for probation's pre-sentence reports.  In supplemental briefing,

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

1

defendant raises two additional sentencing issues based on recent changes in sentencing laws. We agree that the recent statutory changes require us to remand the matter to the trial court. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, in case number SCUK-CRCR-19-31377 (hereafter "the 31377 case"), the People charged defendant with two counts of carjacking (§ 215, subd. (a), counts one and three) with a firearm use enhancement as to one of the counts (§ 12022.53, subd. (b)), possession of a firearm by a felon (§ 29800, subd. (a)(1), count two), and DUI with three or more prior DUI convictions within 10 years (Veh. Code, §§ 23152, subd. (b) & 23550, subd. (a), count four). The People also alleged one prior strike conviction. (§§ 667, 1170.12.) Defendant waived preliminary examination, and in June 2020, he pled no contest to the DUI count and admitted the prior strike. In exchange, the remaining counts were dismissed.

On the same date as that plea, defendant pled no contest to another count of DUI with three or more prior DUI convictions within 10 years (Veh. Code, §§ 23152, subd. (b) & 23550, subd. (a), count three) in case number SCUK-CRCR-20-35099 (hereafter "the 35099 case") and admitted his blood alcohol content was 0.15 percent or higher (Veh. Code, § 23578).

Prior to sentencing, defendant filed a *Romero* motion asking the trial court to strike his prior strike allegation "on the ground of remoteness." Defendant argued his prior strike was a section 245, subdivision (a)(2) violation that occurred over 25 years ago in June 1995, when he was 16 years old, and that he has never committed any additional serious or violent offense. He also argued that a medical condition underlies all of his criminal conduct.

2

At a joint sentencing for both cases, the trial court denied the *Romero* motion. Defendant received a sentence consisting of the upper term of three years for the DUI charge in the case ending in 31377, doubled to six years because of the strike prior, plus eight months consecutive for the other DUI in the case ending in 35099.

## DISCUSSION

### A. *Romero* Motion

Defendant first argues that the trial court abused its discretion in denying his *Romero* motion.

In *Romero*, *supra*, 13 Cal.4th 497, the California Supreme Court held that a trial court may strike a prior violent or serious felony conviction allegation under the Three Strikes law " 'in furtherance of justice' pursuant to . . . section 1385[, subdivision ](a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).) In determining whether a dismissal would be in furtherance of justice, courts must consider both the constitutional rights of the defendant and the interests of society represented by the People. (*Romero*, at p. 530.) The reasons for the dismissal must motivate a reasonable judge, and a dismissal should not arbitrarily undercut society's legitimate interest in the fair prosecution of properly alleged crimes without a showing of detriment to the defendant. (*Id.* at pp. 530–531.)

In assessing a *Romero* motion, courts should consider whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

3

An abuse of discretion will be found if a court strikes a sentencing allegation "solely 'to accommodate judicial convenience or because of court congestion' " or "simply because a defendant pleads guilty." (*Romero*, *supra*, 13 Cal.4th at p. 531.) "Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' " (*Ibid*.)

We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) In undertaking this review, we bear in mind that " '[i]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. [Citation.] . . . '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Id.* at p. 378.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Ibid*.)

In this case, the evidence at sentencing included probation's presentence reports, defendant's *Romero* motion, and letters of support from defendant's family and friends. These documents set out the circumstances of the offenses, defendant's lengthy criminal history dating back to the early 1990's, and his gang affiliation and substance abuse history. Moreover, at

the hearing, the parties discussed defendant's circumstances in detail, including his background, the nature of his present offenses, his lengthy criminal history, the remoteness of his strike offense, his diabetes and alcoholism, treatment alternatives to a prison sentence, and the conceded fact that defendant poses an ongoing risk to public safety. The court also heard from a probation officer who noted that defendant was not checking in with probation while the criminal proceedings were pending, and that defendant did not appear to be changing his behavior because he was recently arrested for drinking alcohol.

In denying the *Romero* motion, the trial court discussed defendant's circumstances and the circumstances of his case. The court started by noting its general belief that treatment was better than incarceration and acknowledging that defendant grew up in a place where trauma could occur, that he had suffered the traumatic loss of his father, and that the letters in support showed defendant was a good father, friend, and member of the community when sober. The court also noted that the prior felony strike was a 1995 juvenile adjudication, which gave the court "great pause." Though observing there was a "window of good conduct," the court nonetheless emphasized the gravity of the circumstances of the DUI offense in the 31377 case, i.e., defendant had been stopped in a stolen vehicle; he attempted to flee and was noncompliant with officer orders; and his blood alcohol content was almost three times the legal limit. Failing to see a sufficient break in defendant's pattern of recidivism, the court ultimately concluded that defendant did not fall outside the spirit of the Three Strikes Law. On this record, it is clear the trial court balanced the relevant factors and reached an impartial decision in conformity with the spirit of the law. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) No abuse of discretion appears.

5

In arguing to the contrary, defendant seems to ask us to reweigh the various factors relevant to a *Romero* motion. Noting that sentencing laws including the Three Strikes Law have become less "harsh" in recent years and that a DUI is a " 'wobbler,' " defendant highlights the circumstances that he is a middle-aged man with uncontrolled diabetes, that he was willing to seek residential treatment for his alcoholism and drug addiction, and that he had a lengthy criminal history from the time his father was killed. But this misconstrues our standard of review. Again, " '[i]t is not enough to show that reasonable people might disagree.' " (*Carmony*, *supra*, 33 Cal.4th at p. 378.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid*.) On this record, the court did not abuse its discretion in denying the *Romero* motion.[2]

## B. Juvenile Adjudications as Strikes

Defendant next argues the holding in *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*)—that the state may use a prior juvenile adjudication to increase punishment—is no longer constitutionally tenable given the holdings in *Descamps v. United States* (2013) 570 U.S. 254 (*Descamps*), *Mathis v. United States* (2016) 579 U.S. 500 (*Mathis*) and *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*). Thus, he contends, the use of his juvenile adjudication as a prior strike violates his Sixth and Fourteenth Amendment

---

[2] Nonetheless, as will be discussed below, a remand for resentencing in this case is required because of recent changes to sentencing laws. Because a trial court may reconsider all of its sentencing choices on remand (see, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893), we note that our decision here concerning the propriety of the court's ruling on the *Romero* motion at the initial sentencing does not foreclose defendant from renewing that motion during resentencing.

rights.  We review this question of law de novo (*In re Martinez* (2012) 210 Cal.App.4th 800, 815), and we reject it.

In *Apprendi v. New Jersey* (2000) 530 U.S. 466, the United States Supreme Court held that, apart from the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi*, at p. 490.)  In *Nguyen*, *supra*, 46 Cal.4th 1007, the California Supreme Court determined that "the Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi*, do not preclude the sentence-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial." (*Nguyen*, at p. 1019.)

We are bound to follow *Nguyen*, which forecloses defendant's claim. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Defendant's contention that *Nguyen* is no longer valid precedent after the decisions in *Descamps*, *Mathis*, and *Gallardo* was recently rejected in *People v. Romero* (2019) 44 Cal.App.5th 381, and we agree with the reasoning in that case.  Not only did the Supreme Court recently explicitly decline to reconsider *Nguyen* (*People v. Landry* (2016) 2 Cal.5th 52, 117, fn. 18), but *Descamps*, *Mathis*, and *Gallardo* do not assail *Nguyen's* holding.  (*People v. Romero*, *supra*, 44 Cal.App.5th at pp. 388–390.)  In short, both *Descamps* and *Mathis* invoked *Apprendi* to limit the use of judicial factfinding to increase sentences under the federal Armed Career Criminal Act.  (*Descamps*, *supra*, 570 U.S. at pp. 269–270; *Mathis*, *supra*, 579 U.S. at pp. 511–512.) Meanwhile, *Gallardo* held it was error for a trial court to review a

preliminary hearing transcript to determine if a prior assault conviction qualified as a strike. (*Gallardo, supra*, 4 Cal.5th at pp. 136–137.) While *Descamps*, *Mathis*, and *Gallardo* "all disapprove judicial factfinding by a sentencing court to determine whether the defendant suffered a qualifying prior conviction when that issue is unclear from the fact of the conviction itself, none of those cases calls into question *Nguyen's* holding that a sentencing court may impose a sentence enhancement based on a prior juvenile adjudication, despite the lack of right to a jury trial in that proceeding." (*People v. Romero, supra*, 44 Cal.App.5th at p. 389.)

Beyond the foregoing, defendant also claims that the use of his juvenile adjudication to increase his punishment violated his Fourteenth Amendment due process rights because it "violated California's promise that the juvenile system's primary purpose is to provide 'care, treatment, and guidance' to rehabilitate minor offenders." Citing Welfare and Institutions Code section 202, subdivision (b) and *McKeiver v. Pennsylvania* (1971) 403 U.S. 528—which held there is no constitutional right to a jury trial in juvenile proceedings, which are not criminal prosecutions (*McKeiver*, at pp. 541, 545)—defendant argues that using a juvenile adjudication to increase punishment is inconsistent with the remedial purpose of juvenile proceedings and so violates principles of fairness. Defendant also relies on *State v. Brown* (La. 2004) 879 So.2d 1276, where the Louisiana Supreme Court held that using a juvenile adjudication to increase adult punishment violated the defendant's Fourteenth Amendment rights and made a " 'hypocritical mockery' " of the notion that juvenile proceedings are focused on rehabilitation with the state's role as *parens patriae*. (*State v. Brown*, at p. 1289.) We are not persuaded.

8

Significantly, the California Supreme Court has noted that the Louisiana holding is in the minority, that the "overwhelming majority" of post-*Apprendi* federal and sister state decisions allow the use of "nonjury juvenile adjudications . . . to enhance later adult sentences," and that "the United States Supreme Court has declined numerous opportunities to decide otherwise." (*Nguyen, supra*, 46 Cal.4th at p. 1021 & fn. 10.) Moreover, it is unclear that using a juvenile adjudication to punish an *adult* recidivist more harshly is inconsistent with the goals of the juvenile court law to provide care, treatment, and guidance to minors. We decline to provide an end-run around the holding in *Nguyen*, which is binding on us.

### C. Assembly Bill No. 1869

Defendant argues that Assembly Bill No. 1869 renders the fees that the trial court imposed pursuant to section 1203.1(b) for probation's pre-sentence reports in his cases unenforceable. The People concede that the fees must be vacated under a newly enacted law. We accept that concession.

Assembly Bill No. 1869 added section 1465.9, which provides that the balance of court-imposed costs imposed pursuant to section 1203.1b "*shall be unenforceable and uncollectible and* any portion of a judgment imposing those costs *shall be vacated.*" (Stats. 2020, ch. 92, § 62, italics added.) By its own terms, this statute is mandatory and backward looking as it applies to uncollected costs. (*People v. Clark* (2021) 67 Cal.App.5th 248, 259.) Accordingly, we will direct the trial court to vacate the fees at issue on remand.

### D. Other Sentencing Matters

In supplemental briefing, defendant raises additional sentencing issues. First, he argues a remand is necessary because of changes to section 1170 made by Senate Bill No. 567 (Senate Bill 567). More

9

specifically, effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b), to require that when a statute specifies three potential terms of imprisonment, a court must presumptively impose the middle term and may not impose the upper term unless aggravating circumstances proven beyond a reasonable doubt (or stipulated by defendant) justify doing so.[3] (§ 1170, subd. (b)(1)–(2), as amended by Stats. 2021, ch. 731, § 1.3.)

The People properly concede this change in law is retroactive under *In re Estrada* (1965) 63 Cal.2d 740, and applies here to defendant's nonfinal judgment. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1034, 1039.) Moreover, when imposing the upper term, the trial court relied in part on the fact that defendant was on post release community supervision (PRCS) as an aggravating factor. The People acknowledge that the fact defendant was on PRCS at the time of the offense "was neither admitted by [defendant], supported by a certified record, or found to be true beyond a reasonable doubt." Finding no indication to the contrary, we will remand the case for resentencing consistent with Senate Bill 567.

Finally, defendant also argues that another recent change to section 1170 requires a remand. More specifically, Senate Bill 567 amended section 1170 to add subdivision (b)(6),[4] requiring that "unless the court finds

---

[3]     Section 1170, subdivision (b)(3), also provides: "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

[4]     Defendant asserts the changes to section 1170, subdivision (b)(6), were made by Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5). Assembly Bill No. 124 was joined with two other bills—Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2) and Senate Bill 567 (Stats. 2021, ch. 731, § 3)—that all made changes to section 1170, and Senate Bill 567's changes to that statute ultimately prevailed.

that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice," the court must impose the lower term when one of the following contributed to the commission of the offense: "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense. [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6), Stats. 2021, ch. 731, § 1.3.) The People concede defendant should have the opportunity to argue on remand that this change in law should apply to him. We agree. Because we are remanding this matter for resentencing, as discussed, defendant will have the opportunity to seek the benefit of this new law on remand.

## DISPOSITION

The matter is remanded for resentencing, so that the trial court may reconsider its sentencing choices in light of the recent changes to section 1170. At the resentencing hearing, defendant may renew his *Romero* motion. We express no opinion as to what sentence should be imposed on remand. The trial court, however, is instructed to vacate the fees imposed for probation's pre-sentence investigation and reports, in accord with section 1465.9. In all other respects, the judgment is affirmed.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.


*People v. Peters* (A162597)